| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, ss | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. |

DANIEL BRUBAKER,    )
                    )
        Plaintiff,  )       COMPLAINT
                    )
v.                  )
                    )
AMAZON.COM SERVICES LLC,  )
                    )
        Defendant.  )

NOW COMES Plaintiff DANIEL BRUBAKER ("Plaintiff"), by and through his undersigned attorneys, and complain against Defendant AMAZON.COM SERVICES LLC ("Defendant") and alleges the following:

## THE PARTIES

1. Plaintiff is an adult natural person who resides in the State of Maine, Cumberland County, and who worked as Defendant's employee from May 2022 until September 20, 2024.

2. Defendant is limited liability company organized in the State of Delaware, with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98109.

3. Defendant transacts business and employed Plaintiff in the State of Maine.

4. Plaintiff brings this action pursuant to 26 M.R.S. § 631 because Defendant has failed or refused to provide Plaintiff with an opportunity to review and copy Plaintiff's personnel file from his employment with Defendant without good cause and despite Plaintiff's repeated written requests for an opportunity to review and copy Plaintiff's personnel file.

5. Plaintiff seeks injunctive relief from the Court directing Defendant to provide Plaintiff with an opportunity to review and copy Plaintiff's entire personnel file, as defined by 26 M.R.S.

1

§ 631, from his employment with Defendant; and monetary relief through civil forfeiture damages in an amount not to exceed $500 pursuant to 26 M.R.S. § 631; reimbursement of Plaintiff's costs of this civil action, and an award of Plaintiff's reasonable attorney's fees.

## JURISDICTION AND VENUE

6.Jurisdiction is appropriate in this Court pursuant to 4 M.R.S. § 105, 14 M.R.S. § 704-A, and 26 M.R.S. § 631.

7.Venue is appropriate pursuant to 14 M.R.S. § 501.

## FACTUAL ALLEGATIONS

8.Plaintiff began working for Defendant in around May 2022 as a Business Intelligence Engineer Manager.

9.Plaintiff went on medical leave from his employment with Defendant on or about December 15, 2023 through February 14, 2024.

10.When Plaintiff returned from his medical leave, Plaintiff requested and received from Defendant a reasonable accommodation for his disability that allowed Plaintiff to work from home for a period of one year.

11.On or about March 12, 2024, Defendant placed Plaintiff on a performance improvement plan known as a "Pivot Plan" for alleged performance deficiencies in Plaintiff's work.

12.Throughout Plaintiff's employment with Defendant, Defendant created and maintained records that are included as part of a "personnel file" for Plaintiff as that term is defined by 26 M.R.S. § 631.

13.On or about March 12, 2024, Plaintiff made his first written request for a copy of his personnel file from Defendant (the "March 12, 2024 Request").

14.Defendant received the March 12, 2024 Request on March 12, 2024.

2

15. On March 13, 2024, Defendant acknowledged receipt of Plaintiff's March 12, 2024 Request.

16. Defendant did not provide Plaintiff with a complete copy of his personnel file or an opportunity to review and copy his complete personnel file subsequent to the March 12, 2024 Request.

17. Instead, on March 26, 2024, Defendant provided Plaintiff with only a limited set of documents from Plaintiff's personnel file.

18. On March 28, 2024, Plaintiff sent an e-mail to Defendant informing Defendant that its production of documents was non-compliant with 26 M.R.S. § 631 in that records relating to his performance and communications with human resources were missing, among other items, and requesting that all items contained in his personnel file as defined by 26 M.R.S. § 631 be produced to him.

19. On April 1, 2024, Plaintiff sent an e-mail to Defendant because he had not received a response to his March 28, 2024 e-mail, and to re-iterate his request that all items contained in his personnel file as defined by 26 M.R.S. § 631 be produced to him.

20. On April 4, 2024, Defendant sent an e-mail to Plaintiff confirming receipt of Plaintiff's requests from his March 28, 2024 and April 1, 2024 e-mails.

21. On April 15, 2024, Plaintiff re-iterated his request that all items contained in his personnel file as defined by 26 M.R.S. § 631 be produced to him by Defendant.

22. On May 3, 2024, Plaintiff, through his attorney, made a written request to Defendant for a complete copy of Plaintiff's personnel file (the "May 3, 2024 Request").

23. Defendant received Plaintiff's May 3, 2024 Request on May 3, 2024.

24. The May 3, 2024 Request specifically identified that the following documents that comprise Plaintiff's personnel file as defined by 26 M.R.S. § 631 were not produced: (a) records concerning Plaintiff's medical leave of absence, including Defendant's initial denial of his request for medical leave; (b) records concerning Plaintiff's requests for workplace accommodations; (c) a copy of the Pivot Plan issued to Plaintiff, including records regarding the decision to place Plaintiff on a Pivot Plan; (d) Plaintiff's 2023 performance review; (e) Plaintiff's 2023 and 2024 evaluation ratings; (f) records concerning interactions between Plaintiff and contractors building an Amazon facility adjacent to Plaintiff's office; (g) records concerning Plaintiff's complaint against Zena Siraudin (Director, US Seller Business) for asking inappropriate medical questions in a meeting while in front of another manager; (h) records reflecting communications between Ms. Siraudin and Nick Homes (Senior Manager, Product Management) concerning Plaintiff's work performance, ratings, and review; and (i) records concerning Plaintiff's report to Dharmesh Mehta (VP of World Wide Selling Partner Services, Growth and Acquisition) about the multi-Vice President issue.

25. Defendant did not provide Plaintiff with a complete copy of his personnel file or an opportunity to review and copy his complete personnel file subsequent to Plaintiff's May 3, 2024 Request.

26. Instead, on May 17, 2024, Defendant once again provided Plaintiff with only a limited set of documents from Plaintiff's personnel file.

27. On May 17, 2024, Plaintiff sent an e-mail to Defendant acknowledging receipt of the limited set of documents from Plaintiff's personnel file, but identified that documents that were part of his personnel file as defined by 26 M.R.S. § 631 still had not been produced.

28. On May 24, 2024, Plaintiff filed a charge of discrimination in employment against Defendant with the Maine Human Rights Commission ("MHRC").

29. On June 12, 2024, Defendant provided Plaintiff with a limited set of documents.

30. On July 25, 2024, Plaintiff's attorney made a written request to Defendant's attorney for a complete copy of Plaintiff's personnel file (the "July 25, 2024 Request").

31. Defendant's counsel received Plaintiff's July 25, 2024 Request on July 25, 2024.

32. On August 6, 2024, Plaintiff's attorney asked Defendant's attorney if she would be handling Plaintiff's request for his complete personnel file on behalf of Defendant.

33. Defendant's counsel did not respond other than to communicate that she did not know whether she would be handling the response to the July 25, 2024 Request.

34. Subsequent to the July 25, 2024 Request and the follow-up correspondence, Defendant did not provide Plaintiff with a copy of his complete personnel file or an opportunity to review and copy his personnel file.

35. On or about September 20, 2024, Defendant terminated Plaintiff's employment.

36. In a supplemental response to Plaintiff's charge before the MHRC, Defendant relied upon personnel file materials that Defendant had not previously produced to Plaintiff in response to his multiple requests for a complete copy of his personnel file.

37. On June 27, 2025, Plaintiff's attorney sent written correspondence to Defendant's attorney requesting that Defendant provide Plaintiff with his complete personnel file as defined by 26 M.R.S. § 631 (the "June 27, 2025 Request").

38. Defendant received the June 27, 2025 Request on June 27, 2025.

39. The June 27, 2025 Request specifically identified that the following documents that comprise Plaintiff's personnel file as defined by 26 M.R.S. § 631 were not produced: (a) all

performance evaluation scores for Plaintiff; (b) all human resources complaints lodged by Plaintiff or against Plaintiff; (c) records concerning Plaintiff's medical leave of absence, including Defendant's initial denial of his request for medical leave; (d) records concerning Plaintiff's requests for workplace accommodations, including Plaintiff's request to work remotely and for medical leave; (e) records regarding the decision to place Plaintiff on a Pivot Plan; (f) records relating to Plaintiff's appeal of Defendant's decision to place Plaintiff on a Pivot Plan; (g) records concerning the decision to terminate Plaintiff's employment with Defendant; (h) records concerning interactions between Plaintiff and contractors building an Amazon facility adjacent to Plaintiff's office in the fall of 2023, including communications regarding providing a parking spot for Plaintiff; (i) records concerning Plaintiff's complaint against Zena Siraudin (Director, US Seller Business) for asking inappropriate medical questions in a meeting while in front of another manager and other work-related concerns; (j) records reflecting communications between Ms. Siraudin and Nick Homes (Senior Manager, Product Management) concerning Plaintiff's work performance, ratings, and review; (k) records concerning Plaintiff's report to Dharmesh Mehta (VP of World Wide Selling Partner Services, Growth and Acquisition) about the multi-Vice President issue; and (l) records concerning Plaintiff's reports regarding fire alarm testing in the office.

40. As part of the June 27, 2025 Request, Plaintiff's counsel informed Defendant's counsel that if Plaintiff did not receive his complete personnel file by July 2, 2025, Plaintiff would be commencing legal action and would seek all remedies available to him, including, but not limited to, Plaintiff's attorney's fees.

41. Subsequent to the June 27, 2025 Request, Defendant did not provide Plaintiff with a copy of his complete personnel file or an opportunity to review and copy his personnel file.

42. To date, Defendant has not provided Plaintiff with a copy of his complete personnel file or an opportunity to review and copy his personnel file.

43. Defendant does not have a good cause or a good faith basis to withhold production of Plaintiff's complete personnel file.

44. Defendant is withholding Plaintiff's complete personnel file in bad faith because Defendant does not want to disclose materials relevant to Plaintiff's charge of discrimination in employment against Defendant that remains pending before the MHRC.

## COUNT I
### (Violation of 26 M.R.S. § 631)

45. Plaintiff repeats and incorporates by reference the preceding paragraphs as if fully set forth herein.

46. "The employer shall, upon written request from an employee or former employee, provide the employee, former employee, or duly authorized representative with an opportunity to review and copy the employee's personnel file if the employer has a personnel file for that employee." 26 M.R.S. § 631.

47. "In each calendar year, the employer shall provide, at no cost to the employee, one copy of the entire personnel file when requested by the employee or former employee and, when requested by the employee or former employee, one copy of all the material added to the personnel file after the copy of the entire file was provided." 26 M.R.S. § 631.

48. "[A] personnel file includes, but is not limited to, any formal or informal employee evaluations and reports relating to the employee's character, credit, work habits, compensation and benefits and nonprivileged medical records or nurses' station notes relating to the employee that the employer has in the employer's possession." 26 M.R.S. § 631.

49. "Any employer who, following a request pursuant to this section, without good cause fails to provide an opportunity for review and copying of a personnel file, within 10 days of receipt of that request, is subject to a civil forfeiture of $25 for each day that a failure continues. The total forfeiture may not exceed $500.00." 26 M.R.S. § 631.

50. At all times relevant to this action, Plaintiff was a current employee or former employee of Defendant.

51. At all times relevant to this action, Defendant maintained and still maintains a personnel file, as defined by 26 M.R.S. § 631, for Plaintiff.

52. As alleged herein, Plaintiff or his authorized representative made multiple written requests to Defendant for a copy of Plaintiff's complete personnel file or an opportunity to review and copy Plaintiff's complete personnel file.

53. As alleged herein, Defendant has failed or refused to provide Plaintiff with a copy of his complete personnel file or an opportunity to review and copy Plaintiff's complete personnel file within 10 days of Defendant's receipt of Plaintiff's written request or requests to Defendant for a copy of Plaintiff's complete personnel file or an opportunity to review and copy Plaintiff's complete personnel file.

54. As alleged herein, Defendant does not have good cause or a good faith basis for its failure or refusal to provide Plaintiff with a copy of his complete personnel file or an opportunity to review and copy Plaintiff's complete personnel file within 10 days of Defendant's receipt of Plaintiff's written request or requests for the same.

WHEREFORE, Plaintiff respectfully requests the following relief:

a. A judgment enjoining Defendant to produce Plaintiff's complete personnel file as defined by 26 M.R.S. § 631;

b. An award of civil forfeiture damages in the amount of $500.00 pursuant to 26 M.R.S. § 631;

c. An award of Plaintiff's costs and reasonable attorney's fees pursuant to 26 M.R.S. § 631; and

d. All other and further relief that this Court deems just and appropriate.

Dated: July 22, 2025
Portland, ME

Maria C. Fox
Justin S. Clark
Murray, Plumb & Murray
75 Pearl Street
P.O. Box 9785
Portland, ME 04104-5085
Tel. (207)
mfox@mpmlaw.com
jclark@mpmlaw.com

*Attorneys for Plaintiff*