UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL BRUBAKER, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 2:25-cv-00440-LEW |
| AMAZON.COM SERVICES LLC, | ) ) ) | |
| Defendant | ) | |

**ORDER ON MOTION TO REMAND**

In this action, Plaintiff Daniel Brubaker presses a solitary Maine statutory claim under 26 M.R.S. § 631. In sum, he claims that Defendant Amazon.com Services LLC ("Amazon") is liable to him for failure to produce his complete personnel file. He requests an award of an injunction requiring the production of his complete personnel file, a $500 statutory forfeiture, and an award of his attorney's fees. Brubaker filed the action in Maine Superior Court and Amazon.com removed the case to this Court based on diversity of citizenship. The parties agree that they have diverse citizenship but disagree whether the amount in controversy can fairly be regarded as in excess of $75,000.00. *See* 28 U.S.C. § 1332. The matter is before the Court on Brubaker's Motion to Remand (ECF No. 9).

As the proponent of federal jurisdiction, Amazon has the burden to establish that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." *Carrozza v. CVS Pharmacy, Inc.*, 992 F.3d 44, 51 (1st Cir. 2021) (quoting 28 U.S.C. § 1332(a)(1)). The standard requires a showing that the jurisdictional threshold will

be crossed to a "reasonable probability." *Pazol v. Tough Mudder Inc.*, 819 F.3d 548, 552 (1st Cir. 2016). What Amazon offers is that there might be some recovery other than the $500 statutory award, without providing any actual cause for that prediction, and that the probable value of a fee-shifting award will make up the rest.[1] Brubaker argues that it is absurd to anticipate such a large attorney's fee award for such a simple controversy. The parties agree, however, that the potential value of a fee-shifting award is relevant to the jurisdictional inquiry. *See also Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156, 160 (D. Me. 2007).

I agree with Brubaker that Amazon has not met its burden of establishing that the amount in controversy here could exceed the $75,000 threshold. Where, as here, the case consists of a solitary statutory claim that does not afford a right to a jury trial and essentially the entire amount in controversy consists of a prospective attorney's fee award, removal of the case from state court was not justified.

Pursuant to 28 U.S.C. § 1447(c): "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Given that the

---

[1] The $500 statutory forfeiture likely is not available to Plaintiff, meaning the entire $75,000 amount would involve the attorney's fee request. *Joy v. Host Int'l Inc.*, No. 2:20-cv-00407-NT, 2022 WL 4940177, at *11 (D. Me. Sept. 28, 2022); *Connolly v. Dorris*, No. 2:19-cv-00510-GZS, 2020 WL 3271935, at *5 (D. Me. June 17, 2020) (citing *Boylan v. Foster Carpenter Black & Co., LLP*, 2002 WL 1023514, at *1 (Me. Super. Ct. Apr. 16, 2002)), *R. & R. aff'd by* 2020 WL 4004796.

basis for removal was entirely the prospect of an attorney's fee award rather than any other substantial probable award, and given the streamlined nature of the claim at issue, I find that the removal lacked an objectively reasonable basis.

The Motion to Remand (ECF No. 9) is GRANTED. Within 30 days of the entry of this Order, Plaintiff Brubaker may petition the Court for a fee award under 28 U.S.C. § 1447(c), based on the lodestar method for work related to the remand motion and reply.

SO ORDERED.

Dated this 10th day of February, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge